Filed 7/14/26  P. v. Mendoza CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E087556 |
| v. | (Super.Ct.No. RIF086461) |
| GABRIEL MENDOZA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Joshlyn R. Pulliam, Judge.  Affirmed.

Gabriel Mendoza, in pro. per.; and John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Gabriel Mendoza appeals from the denial of his petition for resentencing pursuant to Penal Code section 1172.6.[1]

---

[1]  All further statutory references are to the Penal Code.

1

Counsel on appeal has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), raising one potentially arguable issue: whether the court properly denied defendant's section 1172.6 petition at the prima facie stage.

We offered defendant the opportunity to file a personal supplemental brief, which he has done.[2] Defendant appears to acknowledge that the court's ruling on his section 1172.6 petition was proper; however, he contends the court erred in not ruling on his motion pursuant *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*)[3] and his request for section 745 relief. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The prosecution evidence established that on June 4, 1999, the victim, who claimed that defendant had impregnated her and given her a sexually transmitted disease, confronted defendant and his pregnant fiancée in the yard outside his home. An argument ensued, primarily between defendant and the victim. Eventually, defendant went inside his home after saying he wanted to kill the victim. (*People v. Mendoza* (Dec. 28, 2001, E028742) [nonpub. opn.] (*Mendoza I*).)

When he emerged from the home, he had a gun in his hand. He pointed the gun at the victim and fired. After failing to hit her, defendant advanced toward the victim, while continuing to point the gun at her. He told her that he was going to kill either her or her

---

[2] "If the defendant . . . files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

[3] Defendant was 18 years old at the time he committed the underlying offenses.

unborn child. While standing within arm's length of the victim, defendant aimed the gun at her stomach and squeezed the trigger, but it did not fire. A "split second" later, he aimed lower, again squeezed the trigger, and this time the gun fired, hitting the victim in the upper thigh. (*Mendoza I*, *supra*, E028742.)

Defendant told officers after his arrest, and testified at trial, that he fired the first shot straight in the air, not knowing that the gun was loaded. He denied saying that he wanted to kill the victim. Defendant held the gun straight down as he approached the victim. When he stopped, he held the gun down at a diagonal. Defendant denied saying that he was going to kill the victim or pointing the gun at her stomach. He pulled the trigger when the gun was pointed at the ground. Defendant did this only to scare the victim. When he pulled the trigger again, this time hitting her, it was only because the victim grabbed the hand in which he held the gun. (*Mendoza I*, *supra*, E028742.)

The jury convicted defendant of attempted, premeditated, and deliberate murder (§§ 664, 187, count 1) and assault with a firearm (§ 245, subd. (a)(2), count 2). The jury additionally found true allegations that during his commission of the attempted murder, defendant personally and intentionally discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)), and that during the assault, he personally used a handgun (§ 12022.5, subd. (a)). The court sentenced defendant to prison for life, plus a consecutive term of 25 years to life. (*Mendoza I*, *supra*, E028742.)

Defendant appealed. This court affirmed the judgment. (*Mendoza*, *supra*, E028742.)

On May 18, 2019, defendant filed a petition for resentencing pursuant to former section 1170.95, which the court denied on the grounds that former section 1170.95 applied only to convictions for murder, not attempted murder.[4] (*People v. Mendoza* (Oct. 13, 2021, E077331) [nonpub. opn.] (*Mendoza II*).)

Defendant appealed. This court affirmed the order. (*Mendoza II*, *supra*, E077331.)

On June 14, 2024, defendant filed a petition for resentencing pursuant to section 1172.6, a motion for relief due to racial discrimination pursuant to section 745, a motion for a hearing pursuant to *Franklin*, and a request for resentencing pursuant to section 1172.1.

On November 4, 2025, the People requested judicial notice of the jury instructions given at defendant's trial with respect to his section 1172.6 petition.

At a hearing on December 19, 2025, the parties stipulated to continue of the matter for a *Franklin* hearing. Defense counsel then noted, "So the only thing before the Court right now would be the resentencing motion under [section] 1172.6."

Defense counsel then disclosed, "there were no aiding and abetting, natural and probable consequence, or felony murder instructions given to the jury, meaning the only way the jury would have convicted him was based upon his being the perpetrator; therefore, it appears he does not appear to qualify for resentencing relief under [section]

---

[4] Senate Bill No. 775 (2021-2022 Reg. Sess.) amended former section 1170.95, extending relief to those with convictions for attempted murder and manslaughter. Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.)

1172.6." The People confirmed, "that's correct, your Honor. He does not qualify." The court then denied the motion with prejudice. Defendant expressly appealed the court's denial of his section 1172.6 petition.

## II. DISCUSSION

Defendant appears to acknowledge that the court's ruling on his section 1172.6 petition was proper; however, he contends the court erred in not ruling on his *Franklin* motion and his request for section 745 relief. We affirm.

"'"[I]f the record, including the court's own documents, 'contain[s] facts refuting the allegations made in the petition,' then 'the court is justified in making a credibility determination adverse to the petitioner.'"' [Citation.] Consequently, '[i]f the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition.' [Citation.]" (*People v. Curiel* (2023) 15 Cal.5th 433, 460.) "'"This is a purely legal conclusion, which we review de novo."' [Citation.]" (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)

Where the record reflects that a defendant "was the actual shooter who acted with the intent to kill," he is "ineligible for relief under section 1172.6." (*People v. Ramos* (2025) 112 Cal.App.5th 174, 186.) Similarly, where the record of conviction reflects that the defendant was not convicted under any theory of imputed malice, no evidentiary hearing is required. (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055, review dism. Nov. 17, 2021, S263939 ["[T]he jury instructions themselves demonstrate[d] as a matter

of law that [the defendant] could not make a prima facie showing that he is entitled to relief"]; *People v. Mancilla* (2021) 67 Cal.App.5th 854, 866-867.)

Here, "[w]ithout weighing conflicting evidence or making credibility determinations, the record of conviction irrefutably establishes as a matter of law that the jury determined [defendant] was the actual [shooter]." (See *People v. Harden* (2022) 81 Cal.App.5th 45, 56 (*Harden*); accord, *People v. Morales* (2024) 102 Cal.App.5th 1120, 1131-1132; *People v. Patton* (2023) 89 Cal.App.5th 649, 657-658.)

The court instructed the jury that to convict defendant of attempted murder, it had to find that, defendant committed, "A direct but ineffectual act . . towards killing another human being." Additionally, the court instructed the jury it likewise had to find that, "The person committing the act harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being." (CALJIC No. 8.66) Thus, the jury necessarily found that *defendant* attempted to kill the victim.[5]

Moreover, similar to *Harden*, the jury found defendant *personally and intentionally* discharged a firearm *causing great bodily injury* in his commission of the attempted murder (§ 12022.53, subd. (d)), and that he committed assault with a firearm during which he *personally* used a handgun (§ 12022.5, subd. (a)). (*Mendoza I*, *supra*, E028742.) "Thus, when viewing the verdicts as a whole, the jury's true finding that [defendant] personally inflicted great bodily injury necessarily means it determined"

---

[5] The court also instructed the jury with the lesser included offense of attempted voluntary manslaughter, (CALJIC Nos. 17.10 & 17.49) which, by virtue of the jury's findings, it rejected.

defendant shot the victim, intentionally or not.  (*Harden*, *supra*, 81Cal.App.5th at pp. 55-56; see *People v. Jones* (2003) 30 Cal.4th 1084, 1119-1120 [Jury's finding that defendant personally used a firearm supported a determination that it found defendant to be the actual killer].)

Furthermore, the jury instructions reflect that the court did not instruct on, and the jury therefore did not find defendant guilty of, murder under any theory of imputed malice.  The court gave no instructions on felony murder, the natural and probable consequences doctrine, conspiracy, aiding and abetting, or any other theory in which malice could have been imputed to defendant based on his participation in another crime.  The jury instructions do not identify any underlying target offense.  Thus, defendant is per se ineligible for resentencing pursuant to section 1172.6, and the court properly denied defendant's petition.

With respect to defendant's claims that the court should have ruled on his *Franklin* motion and section 745 request, we first note that defendant's appeal is expressly, only from the court's December 19, 2025, order denying him relief pursuant to section 1172.6. """"Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from."""  (*In re J.F.* (2019) 39 Cal.App.5th 70, 75; see *Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170 ["We have no jurisdiction over an order not mentioned in the notice of appeal"].)  Thus, we have no jurisdiction over defendant's *Franklin* motion or request for section 745 relief.

7

Second, we observe that, by stipulation of the parties, the court continued the hearing on defendant's *Franklin* motion to May 8, 2026. Thus, it is entirely possible that the court has held a hearing on defendant's *Franklin* motion during the pendency of this appeal.

Third, any contention that the trial court has failed to schedule a hearing or rule on defendant's motions is not cognizable on appeal. (See § 1237, subd. (b) [appeal may be taken by defendant "[f]rom any order made after judgment, affecting the substantial rights of the party"].). Assuming the court has not ruled on either motion or scheduled a hearing to do so, the proper procedure to obtain relief is the filing of a petition for writ of mandamus after first requesting the trial court to act. (See *Burnett v. Superior Court* (1974) 12 Cal.3d 865, 869 ["'law is well settled that a trial court is under a duty to hear and determine the merits of all matters properly before it which are within its jurisdiction and that mandate may be used to compel the performance of this duty'"]; accord, *Safai v. Safai* (2008) 164 Cal.App.4th 233, 242; see *Phelan v. Superior Court* (1950) 35 Cal.2d 363, 372 ["[b]efore seeking mandate in an appellate court to compel action by a trial court, a party should first request the lower court to act"].)

### III.  DISPOSITION

The court's order denying defendant's section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

Acting P. J.

We concur:

MILLER

J.


LEE

J.